UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 21-6090-STRAUSS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

FRANTZ MERSIER,

        Defendant.

_____

## DETENTION ORDER

Pursuant to 18 U.S.C. § 3142(f), on March 10, 2021, the undersigned held a hearing to determine whether the Defendant FRANTZ MERSIER should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure his appearance at trial and the safety of any other person and the community. Therefore, it is hereby ordered that the Defendant Frantz Mersier be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

1. **18 U.S.C. § 3142(g)(1) -- Nature and Circumstances of the Offense.** The Defendant is charged by way of criminal complaint with sex trafficking of a minor, in violation of 18 U.S.C. § 1591(a)(1) and (b)(2). These charges carry a minimum penalty of ten years in prison, with a maximum of life. A rebuttable presumption arises based upon a probable cause finding that a defendant committed an offense involving a minor

victim under 18 U.S.C. § 1591.  18 U.S.C. § 3142(e)(3)(D) and (E).  There is probable cause in this case, therefore the presumption applies.  18 U.S.C. § 3142(g)(1).

    2. **18 U.S.C. § 3142(g)(2) -- Weight of the Evidence**.  The weight of the evidence against this Defendant is strong.  At the hearing, the government proceeded by way of proffer, with FBI Special Agent Lauren Darden then made available for cross-examination.  The evidence shows that in early December, a 16-year-old minor victim (MV) ran away from a group home and met an adult male (Subject 1) who then brought her to Defendant's home in Miramar.  MV had sex with Subject 1 when they arrived at the house.  MV was introduced to Defendant, who allowed her to stay with him.  MV had sex with Defendant, believing she had to do so in order to stay.  She told Defendant she was 18, but he laughed and said he did not believe her.  Over the next several days, MV was photographed naked at Defendant's house by codefendant Barboza and was taken to multiple locations where she had sex with multiple adult men for money, all allegedly at Defendant's direction.  The money all went to Defendant.  When finally left alone in a hotel room on December 9, 2020, MV called a relative for help.  The relative then called police. Subsequent investigation located MV's clothes and personal items at Defendant's house.  Forensic examination of Defendant's cell phone yielded additional information linking him to the codefendant, as well as some of the prostitution customers and locations.  Likewise, a search of the codefendant's cell phone provided further evidence of sex trafficking.  MV positively identified both Defendant and codefendant Barboza from

a photo lineup.  MV told police that she was "scared" that the defendants would come after her.  18 U.S.C. § 3142(g)(2).

3. **18 U.S.C. § 3142(g)(3) -- History and Characteristics of the Defendant.** Frantz Mersier was born in Boston in 1990.  He has lived in South Florida for 27 years, currently residing with his parents in Hollywood.  He has two sisters, one in Hollywood and one in California.  Defendant has never married and has no children.  He earned a diploma form North Miami Beach High School and has taken some college courses.  He is a self-employed musical artist and audio engineer.  He reports to be in excellent physical and mental health.  He reports using marijuana daily until about two months ago and uses alcohol less frequently.  He has numerous arrests, but no significant criminal convictions.  He has one failure to appear in a 2013 marijuana case.  He has a pending state cocaine case based upon drugs and paraphernalia found during the search in connection with this case.  18 U.S.C. § 3142(g)(3)(A) and (B).

4. **18 U.S.C. § 3142(g)(4) -- Danger to any Person or the Community.** Based upon the unrebutted presumption and the nature and circumstances of the offense conduct, which involves sex trafficking of a minor victim, the undersigned finds that the Government has presented clear and convincing evidence that Defendant's release would pose a danger to other persons and the community. 18 U.S.C. § 3142(g)(4). Based upon the unrebutted presumption, the length of the possible sentence in this case, and his previous failure to appear for court, Defendant is also a risk of flight.

5. Based upon the above findings of fact, which were supported by the appropriate evidentiary standards (clear and convincing for danger to the community; preponderance for flight risk), this Court specifically finds that there are no conditions or combination of conditions of release that reasonably will assure the safety of any other person and the community or that reasonably will assure Defendant's appearance at trial. 18 U.S.C. § 3142(e).

This Court hereby directs:

(a) That the Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b) That the Defendant be afforded reasonable opportunity for private consultation with counsel;

(c) That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States Marshal for an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida, this 11th day of March, 2021.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies to:   All counsel of record